# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY D. HARPER, | CASE NO.  1:09-cv-1211-SKO |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

On May 12, 2010, after Plaintiff failed to file an opening brief pursuant to an order of the Court, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff's counsel, Ms. Haley, to either file an opening brief or show cause by May 17, 2010, why the matter should not be dismissed or sanctions should not be issued.  Ms. Haley filed a response to the OSC on May 18, 2010.  On May 19, 2010, Plaintiff filed a stipulation and proposed order for dismissal of the case, with prejudice.  The Court will address these matters sequentially, turning first to Plaintiff's counsel's response to the Court's May 12, 2010, OSC.

## II. DISCUSSION

**A.      Plaintiff's Counsel's Response to the Court's OSC is Both Untimely and Inadequate**

This Court's Local Rule 110 provides that "failure of counsel or of a party to comply with

1

these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied,* 479 U.S. 829, 107 S. Ct. 112, 93 L. Ed. 2d 60 (1986).

In her May 18, 2010, response to the OSC, Ms. Haley states that her oversight in timely filing an opening brief was a combination of occurrences including (1) miscalendaring of the deadline by her office, (2) the Commissioner's response to a request for a voluntary remand was "a few days late," and (3) while the parties were attempting to negotiate settlement of the case, she was unable to reach her client to discuss these developments. She also states that her failure to file a timely response to the OSC was an oversight.

The Court is aware that in meeting deadlines, events sometimes conspire against even the most conscientious, experienced, and diligent practitioners. This recognition is implicitly imbedded in the Court's Local Rule 144 whereby parties are allowed to stipulate to extensions of time and present the stipulated request to the Court for approval. As a result, there are very few circumstances where the failure of counsel to file **any** document responsive to a court deadline is excusable. In fact, even requests "for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." *See* L.R. 144(d).

In this case, counsel could have sought a stipulation from opposing counsel for an extension of time and presented that stipulation to the Court for approval well in advance of the deadline. Moreover, in light of the fact that the parties were apparently discussing settlement, it would have been prudent to stipulate to a request for additional time to file the opening brief given the upcoming deadline and the obvious inefficiencies of drafting a brief if the matter would soon be dismissed. The Court's concern in this case is compounded because Ms. Haley inexplicably failed to timely respond to the Court's OSC. When a response was filed, Ms. Haley stated that she concurrently filed a stipulation for dismissal, but no such stipulation was filed until the following day. *See* Response to OSC at 2 ("A stipulation for dismissal is being filed

concurrently with this response.").

Court records indicate that Ms. Haley has been the counsel of record in at least 168 cases in the Eastern District. The Court detects a general ambivalence by Ms. Haley for orders of the Court with regard to deadlines, which results in significant judicial resources being expended in monitoring counsel's late filings. Below is only a small sampling of cases where Ms. Haley is or has been lead counsel.

1. In *Xiong v. Astrue,* No. 1:09-cv-00928-SKO, Ms. Haley failed to file an opening brief and the Court issued an OSC. Ms. Haley responded to the OSC requesting additional time to file her brief. The Court granted the request and counsel <u>again</u> failed to timely file an opening brief.

2. In *Hairston v. Astrue*, No. 1:08-cv-01740-GSA, Ms. Haley requested an extension of time to file the opening brief, which was granted. Ms. Haley failed to file the brief under the extended deadline or seek an extension of time to do so. The Court issued an OSC, and Plaintiff and Defendant stipulated to dismiss the case.

3. In *Lawrence v. Astrue*, No. 1:09-cv-00862-JLT, Ms. Haley filed a request for an extension of time to file the opening brief, which was granted. Ms. Haley failed to file the opening brief under the extended schedule or file a request for an extension of time. An OSC was issued requiring Ms. Haley to show cause why the case should not be dismissed for failure to comply with the court's order.

4. In *Diaz v. Astrue*, No. 1:09-00927-SKO, Ms. Haley filed a request for an extension of time to file the opening brief. The request was granted and the brief was due to be filed on February 25, 2010. Ms. Haley did not file an opening brief until March 2, 2010, and did not seek leave of Court to file a late brief.

5. In *Ojeda v. Astrue*, No. 1:09-cv-01061-DLB, Ms. Haley failed to timely file an opening brief or request an extension of time to do so. The Court issued an OSC requiring counsel to show cause why the matter should not be dismissed for failure to comply with the court's orders.

6. In *Miller v. Astrue*, No. 1:09-cv-1084-DLB, Ms. Haley failed to timely file an

opening brief; when the brief was filed, counsel, to her credit, did request leave of Court to file a late brief.

7.   In *Llamas v. Astrue*, No. 1:09-cv-01503-GSA, Ms. Haley failed to timely file an opening brief, but did request an extended briefing schedule, which was granted. However, Ms. Haley then failed to timely file an opening brief under the extended briefing schedule.

8.   In *Cockren v. Astrue*, No. 1:09-cv-00169-DLB, Ms. Haley failed to timely file an opening brief or request an extension of time to do so. The Court issued an OSC, and counsel filed an opening brief. Additionally, Ms. Haley failed to timely file a reply brief, but sought leave of court to file a late brief.

9.   In *Ruiz v. Astrue*, No. 1:07-cv-01233-SMS, Ms. Haley failed to file an opening brief. The Court issued an OSC requiring Plaintiff to show cause why the matter should not be dismissed for failure to comply with the court's order.

10.  In *Howard v. Astrue*, No. 1:08-cv-01368-DLB, Ms. Haley failed to file an opening brief. The Court issued an OSC requiring Plaintiff to show cause why the matter should not be dismissed for failure to comply with the Court's orders.

The Court is troubled by counsel's missteps in this case: (1) the failure to file an opening brief timely or seek an extension of time to do so, (2) the failure to respond timely to the Court's OSC, and (3) counsel's representation in her response to the OSC that a dismissal was "concurrently" filed when it was not. The cases cited above indicate a lackadaisical approach to the litigation Ms. Haley has initiated – especially counsel's failure to timely respond to the OSC in this case. OSCs are not meant to be treated by counsel as an "Outlook reminder" or a calendaring tool.

The Court is keenly aware of the caseload of the Eastern District. Ms. Haley's chronic and habitual late filings, some of which are detailed above, have caused the Court to expend an inordinate amount of valuable judicial resources (1) issuing multiple, time consuming OSCs, (2) reviewing responses to those OSCs, (3) issuing orders to discharge OSCs, and (4) reviewing countless stipulations for extensions of time filed after the deadline has passed. When the Court's time is expended overseeing an excessive amount of late filings, resources are diverted

away from the multitude of other cases and litigants before the Court.  It is not simply that counsel's noncompliance with orders of the Court is an inconvenience; it is that other litigants and cases are kept waiting, including counsel's own clients.   Ms. Haley has disregarded the Court's orders in this case, failed to timely file a response to the May 12, 2010, OSC, failed to state good cause for her failure to comply with Court orders in her untimely response to the OSC, and has exhibited a long history of similar conduct.  Accordingly, counsel is cautioned that such conduct will not be tolerated in the future and may subject counsel to monetary sanctions.  *See* Local Rule 110.

**B.     The Parties Have Stipulated to Dismissal of the Case With Prejudice**.

On May 19, 2010, Plaintiff's counsel filed a stipulation and request for dismissal of the case with prejudice, each party to bear its own fees, costs, and expenses.  Pursuant to the stipulation of the parties, this matter is dismissed with prejudice, and each party shall bear its own fees, costs, and expenses.

IT IS SO ORDERED.

**Dated:     June 2, 2010**                       /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE